| | | |
|---|---|---|
| DUNAMIS CONSTRUCTION CORP.<br><br>Recurrente<br><br>Vs.<br><br>JUNTA DE SUBASTAS DEL GOBIERNO MUNICIPAL DE LAJAS<br><br>Recurrida<br><br><br>LA MAR CONSTRUCTION LLC<br>Licitador Agraciado<br><br>ONCE AND FOR ALL TIRES LLC<br>Parte con Interés | TA2025RA00210 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Municipio de Lajas<br><br><br><br>Sobre: SUBASTA 2025-22 LAJAS RECREATIONAL SPORT COMPLEX |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece la parte recurrente, Dunamis Construction Corp., solicita la revisión de la adjudicación de la Subasta 2025-22, para el Lajas Recreational Sport Complex PR-CRP-000982. La Junta de Subastas del Gobierno Municipal de Lajas adjudicó la *buena pro* de la subasta a la parte recurrida, La Mar Construction LLC.

Por los fundamentos contenidos en esta sentencia, *confirmamos* al municipio recurrido.

### -I-

El 3 de junio de 2025, la Junta de Subastas del Municipio de Lajas, publicó el Aviso de Subasta 2025-22, para la Construcción del Proyecto Lajas Recreational Sports Complex PR-CRP-000892.

Comparecieron tres postores; (1) Dunamis Construction Corp; (2) La Mar Construction LLC; y (3) Once and For All Tires LLC. El 22 de agosto de 2025 el Municipio de Lajas notificó la adjudicación de la subasta. El municipio adjudicó el trabajo de construcción a la parte recurrida. Inconforme, el 1 de septiembre de 2025, la parte recurrente compareció ante este foro apelativo mediante un escrito de revisión judicial. Solicita la revocación de la Subasta 2025-22 del Municipio de Lajas, y señala el siguiente error:

> Erró la Junta de Subastas del Municipio de Lajas al adjudicar la Buena Pro de la Subasta 2025-22 a La Mar Construction LLC, aplicando erróneamente los factores que por ley corresponde aplicar, determinar y adjudicar la referida subasta a un postor que licita una cuantía mayor que la ofertada por DCC. De igual manera la Junta de Subastas utilizó para adjudicar la subasta factores y elementos no contemplados en los artículos citados de la Ley 17-2020, según enmendada.

La parte recurrida también compareció mediante alegato escrito, igualmente el Municipio de Lajas. Ambos argumentan a favor de la confirmación de la adjudicación recurrida. Procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente y el derecho aplicable.

### -II-

### -A-

La contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *St. James Sec. v. AEE*, 213 DPR 366, 377 (2023); *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 794 (2023); *Super Asphalt v. AFI y otro*, *supra*, pág. 820; *ECA Gen. Contract. v. Mun. de Mayagüez*, 200 DPR 665, 672 (2018). El gobierno utiliza los procedimientos de subasta o el requerimiento de propuestas como vehículos procesales para la adquisición de bienes y servicios. *Mun. Aguada v. W Const. y Recovery Finance*, 214 DPR 432, 453 (2024); *St.*

*James Sec. v. AEE,* supra; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019). Por medio de estos, se pretende conseguir los precios más económicos, evitar el favoritismo, la corrupción, el despilfarro, la malversación, la extravagancia y el descuido al otorgarse contratos, así como minimizar los riesgos de incumplimiento. Caribbean Communications v. Pol. de P.R., 176 DPR 978, 994 (2009).

El proceso de subasta tradicional consta de varias etapas y no admite negociación alguna entre la agencia y el licitador luego de sometida la propuesta. *Mun. Aguada v. W Const. y Recovery Finance, supra,* pág. 454. Por el contrario, el mecanismo de requerimiento de propuestas constituye un procedimiento informal y flexible, que permite al proponente negociar con el gobierno y enmendar o revisar su oferta antes de la adjudicación. *St. James Sec. v. AEE, supra,* págs. 377-378; *PR Eco Park et al. v. Mun. de Yauco, supra,* págs. 531-532; *R & B Power v. E.L.A.,* 170 DPR 606, 621 (2007). En ese sentido, le confiere a la entidad pública un mayor grado de discreción al considerar una propuesta. *R & B Power v. E.L.A., supra,* pág. 623. Además, su uso es común cuando el bien o servicio que interesa adquirir el ente gubernamental involucran aspectos altamente complejos o cuando existen escasos competidores calificados. *St. James Sec. v. AEE, supra,* pág. 378; *PR Eco Park et al. v. Mun. de Yauco, supra,* pág. 532; *R & B Power v. E.L.A., supra,* págs. 621-622.

Cabe señalar que, aun cuando se trata de procesos distintos, la subasta tradicional y el requerimiento de propuestas no son del todo incompatibles. *Mun. Aguada v. W Const. y Recovery Finance, supra,* pág. 455; PR *Eco Park et al. v. Mun. de Yauco, supra; Caribbean Communications v. Pol. de P.R., supra,* pág. 998. Ambos gozan de características adjudicativas y ninguno está exento del

derecho de revisión judicial. *R & B Power v. E.L.A., supra,* pág. 624.

Las entidades gubernamentales gozan de amplia discreción al momento de considerar, rechazar y adjudicar las subastas a favor de la propuesta que mejor responde a las necesidades del gobierno y al interés del pueblo en general. *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 349 (2016). En ese sentido, "la selección de un proveedor sobre otros puede conllevar decisiones que descansen, no solo en criterios estrictamente matemáticos, sino en una valoración de la tecnología y los recursos humanos con que cuenta, a la luz de las necesidades presentes y futuras de la agencia". *A.E.E. v. Maxon,* 163 DPR 434, 439 (2004).

En atención a ello, los tribunales no debemos sustituir el criterio de la agencia concernida, a menos que se demuestre que la decisión adolece de abuso de discreción, arbitrariedad o irracionalidad. Véanse, *Mun. Aguada v. W Const. y Recovery Finance, supra; CD Builders v. Mun. Las Piedras, supra; St. James Sec. v. AEE, supra.*

-*B*-

La contratación gubernamental para la adquisición de bienes y servicios está revestida de un alto interés público. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.,* 2025 TSPR 85, 216 DPR ___ (2025), pág. 6; *Mun. Aguada v. W Const. y Recovery Finance,* 214 DPR 432 (2024); *St. James Sec. v. AEE,* 213 DPR 366 (2023); *SLG Ortiz-Mateo v. ELA,* 211 DPR 772 (2023). El mecanismo de subasta pública ostenta rol primordial en la protección de ese interés. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.,* supra, pág. 6; *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 344 (2016).

Entre sus objetivos primordiales figuran evitar el favoritismo, la corrupción, la extravagancia y el descuido al otorgarse un

contrato. *Íd.*, págs. 343-344; *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 793 (2006). Cónsono con lo anterior, nuestro ordenamiento jurídico exige, para alcanzar los objetivos de transparencia y responsabilidad fiscal, la aplicación rigurosa de las normas de licitación. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al., supra*, pág. 7. Por lo general, el Gobierno adquiere bienes y servicios a través del mecanismo de la subasta o la licitación formal. *CD Builders v. Mun. Las Piedras, supra*, pág. 344; *R & B Power v. ELA*, 170 DPR 606 (2007). Este mecanismo consta de varias etapas: (1) la redacción del pliego de condiciones; (2) la publicación del aviso de subasta; (3) el recibo y la apertura pública de las ofertas selladas; (4) el escrutinio por el comité evaluador; (5) la recomendación de adjudicación; y, (6) la adjudicación y notificación. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al., supra*, pág. 7; *CD Builders v. Mun. Las Piedras, supra*, pág. 344.

Es sabido que la Ley Núm. 38-2017, según enmendada, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA secs. 9601 et seq. (LPAU) rige los procedimientos administrativos de subastas gubernamentales, mas no aplica a las celebradas por los gobiernos municipales. Sección 1.3(a)(5) de la LPAU, 3 LPRA sec. 9603; *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525 (2019). Ellos, en cambio, se rigen por las disposiciones de la Ley Núm. 107-2020, según enmendada, mejor conocida como el Código Municipal de Puerto Rico, 21 LPRA secs. 7001 *et seq. Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al., supra*, pág. 8.

La Ley Núm. 107-2020 establece que, cuando se trata de compras, construcción o suministros de servicios, la subasta se adjudique al postor razonable más bajo. Artículo 2.040 (a), Ley

Núm. 107-2020, 21 LPRA sec. 7216(a). No obstante, autoriza a adjudicar la subasta a "un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público... [e]n este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación". *Íd.* El Artículo 2.040, Ley Núm. 107-2020 dispone que la Junta de Subastas debe observar el siguiente procedimiento al adjudicar una subasta:

> La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo. . . [e]n la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con la sec. 7081 de este título.

El *Reglamento para la Administración Municipal de la Oficina del Comisionado de Asuntos Municipales*, Reglamento Núm. 8873 de 19 de diciembre de 2016 (Reglamento Núm. 8873) establece que:

> La Notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:
>
> a) nombre de los licitadores;
>
> b) síntesis de las propuestas sometidas;
>
> c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
>
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez (10) días contados desde el depósito en el

correo de la notificación de adjudicación.

Capítulo VIII, Parte II, Sección 1, Sección 13(3), Reglamento Núm. 8873.

La Ley Núm. 107-2020 confiere competencia al Tribunal de Apelaciones para revisar adjudicaciones de subastas municipales. Artículo 1.050 (2), Ley Núm. 107-2020, 21 LPRA sec. 7081. La discreción de los organismos gubernamentales al adjudicar una subasta municipal es un principio reconocido reiteradamente en nuestra jurisprudencia. Véanse, *Sonnell Transit Serv., LLC v. Junta de Subastas del Municipio Autónomo de Toa Baja, supra*; *Mun. Aguada v. W Const. y Recovery Finance*, 214 DPR 432 (2024). De ordinario, el ente administrativo está en mejor posición para evaluar a los licitadores y sus propuestas, de acuerdo con los parámetros jurídicos aplicables. *Mun. Aguada v. W Const. y Recovery Finance, supra*, pág. 455. Esta facultad "se mantiene siempre que se ejerza razonablemente y para fines legítimos del organismo o del interés público". *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 148 (2007).

### -III-

La parte recurrente argumenta que, la adjudicación de la Subasta 2025-22 del Municipio de Lajas fue contraria a derecho porque el municipio no adjudicó a favor de la oferta más económica. Conforme surge del expediente, Dunamis Construction, Corp. ofertó $7,863,500, y el precio ofrecido por La Mar Construction, LLC ascendió a $7,990,000.

El Código Municipal de Puerto Rico, y el Reglamento Núm. 8873 permiten a las juntas de subastas municipales adjudicar la *buena pro* en consideración a la habilidad, responsabilidad económica, reputación e integridad comercial del licitador, así como el cumplimiento con las especificaciones, los términos de

entrega y cualesquiera otras condiciones incluidas en el aviso de subasta. *Véase,* Capítulo VIII, Parte II del Reglamento Núm. 8873; *Municipio de Aguada v. W Construction, LLC, supra.* A la par, un municipio puede seleccionar a un licitador sobre otro, sin sujeción a criterios estrictamente matemáticos, como escoger automáticamente la oferta de precio más bajo. *A.E.E. v. Maxon,* 163 DPR 434, 439-440 (2004). En nuestra jurisdicción está permitido preferir a un licitador sobre otro sobre la base de experiencia previa en proyectos municipales. Capítulo VIII, Parte II, Sección 11(1), Reglamento Núm. 8873. Conforme surge del expediente, la oferta presentada por La Mar Construction, LLC no se apartó de los requisitos, y las especificaciones deseadas por el Gobierno Municipal de Lajas, y fue el licitador preferido por el municipio debido a su experiencia previa, y buena reputación de cumplimiento, en la construcción de proyectos para el Municipio de Lajas.

La propuesta de la parte recurrente no incluyó un resumen o listado de proyectos previos, o alguna demonstración de contar con una buena reputación de cumplimiento. Empero, contrario a lo postulado por la parte recurrente, la propuesta del licitador agraciado sí cuenta con un listado de trabajos previos. Ahora bien, para tratar de subsanar la deficiencia, la parte recurrente incluyó evidencia de todos los proyectos que completó y también evidencia de haber obtenido la fianza requerida por el municipio.

Según la parte recurrente, la evidencia anejada al apéndice demuestra "la capacidad económica de Dunamis Construction Corp, así como la capacidad de proyectos para áreas recreativas y deportivas, similares al Lajas Recreational Sport Complex". Pero estamos impedidos de considerar tal evidencia pues no fue examinada por el Municipio de Lajas. Es norma reiterada que, nos encontramos impedidos de evaluar los méritos de tal asunto, ya

que, no fue considerado por el Municipio de Lajas. *Sánchez Ruíz v. Higueras Pérez et al.*, 203 DPR 982, 993 (2020).

Es un principio reiterado que una vez se adjudique la buena pro de una subasta, los tribunales no deben sustituir el criterio de la agencia o junta concernida, a menos que se demuestre que la decisión se tomó de forma arbitraria o caprichosa, o que medió fraude o mala fe. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras*, 214 DPR 633, 648, (2024); *Torres Prods. v. Mun. Aguadilla*, 169 DPR 886, 898 (2007). Ante la ausencia de ilegalidad, irregularidades o evidencia de infracción a alguna disposición estatuaria, debemos otorgar deferencia a la Junta de Subastas del Municipio de Lajas. Recordemos que, no corresponde a los tribunales intervenir con la adjudicación de una subasta, o el rechazo de una propuesta, salvo abuso de discreción, arbitrariedad o irracionabilidad. *CD Builders v. Mun. Las Piedras*, *supra*, pág. 348. No existe evidencia de tales vicios en el récord. Por tanto, estamos impedidos de intervenir con la adjudicación del Municipio de Lajas.

### *-IV-*

Por los fundamentos antes expuestos, *confirmamos* la adjudicación de subasta recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones